UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHERYL JOSHUA                                          CIVIL ACTION

VERSUS                                                 NO: 06-8603

STATE FARM FIRE AND CASUALTY                           SECTION: "J" (1)
COMPANY

**ORDER AND REASONS**

Before the Court are two motions, both filed by the Defendant. The first is a Motion in Limine to Exclude Expert Testimony (Rec. Doc. 15). The second is a Motion to Exclude Witnesses and Exhibits (Rec. Doc. 17). For the reasons below, the Motion in Limine to Exclude Expert Testimony (Rec. Doc. 15) is **GRANTED.** The Motion to Exclude Witnesses and Exhibits (Rec. Doc. 17) is **DENIED.**

**BACKGROUND**

Plaintiff filed this suit for damages following Hurricane Katrina in state court in September, 2006. Defendant timely removed the case on October 19, 2006. On June 28, 2007, this

1

Court issued a scheduling order governing this case.  (Rec. Doc. 10).  Amongst other deadlines, the order provided as follows:

- Trial in this matter was set for **March 3, 2008;**
- The Final Pre-Trial Conference was set for **February 7, 2008;**
- All pre-trial motions must be filed in time to permit hearing by **January 21, 2008**.  Therefore, the last motion day available for hearings in this case would be January 9, 2008.  Therefore, any pre-trial motion must have been filed by December 26, 2007.
- Plaintiff was required to submit his expert reports to the Defendant no later than **November 7, 2007**
- Defendant was required to submit its expert reports to the Plaintiff no later than **December 7, 2007**
- Both parties were to file in the record "a list of all witnesses who may or will be called to testify on trial, and all exhibits that may or will be used" not later than **December 7, 2007.**
- Discovery is required to be completed no later than **January 7, 2008.**

In its first motion, Defendant avers that the Plaintiff has not complied with the scheduling order.  Defendant claims that it

has not received any reports from plaintiff's experts.  Defendant further claims that the introduction of expert reports at this late stage of the case, and this close to the trial date would prejudice Defendant's preparation for trial.

Defendant filed this motion on December 17, 2007, and set it for hearing on January 9.  Plaintiff filed this opposition on January 2, 2008.[1]

Defendant filed a second motion, to exclude witnesses and exhibits (Rec. Doc. 17) on December 28, 2007, and set it for hearing on January 23, 2008.  Such motion day is after the date contemplated by the scheduling order.  Defendant seeks to exclude witnesses and exhibits because the Plaintiff did not file a witness or exhibit list into the record.  Defendant avers that the failure of Plaintiff to file a witness and exhibit list prohibits Defendant from completing discovery and if the Plaintiff were to produce witnesses or exhibits, the Defendant would be prejudiced therefrom at trial.

Plaintiff has informed the Court that his opposition to this second motion is also included in his opposition to the first

---

[1]It does not appear that Plaintiff's response is double spaced.  LR 7.8.1E requires that "all text in . . . memoranda in support or opposing motions shall be double-spaced."  Furthermore, the opposition memorandum does not have 1" margins as required by LR 10.1E.

motion, in that the oppositions to both motions are substantially similar. In that case, this Court will consider the motions together, and will consider Plaintiff's opposition as an opposition to both motions.

Plaintiff avers several points in opposition, including:

- "Counsel for plaintiff would state for the court that prior to the passing of the deadlines, he was pursuing settlement negotiation [with] defense counsel in this matter with a strong possibility of settling this matter."
- Plaintiff was without telecommunications for "several months" due to a switch in telecommunication providers from Cox Cable to AT&T. During this switch, plaintiff's counsel "could not send and receive faxes at the same time." Additionally, "getting connections to the internet was a hit and [sic] miss proposition."
- Plaintiff avers that any delays in filing required information was not lengthy in nature, and Defendant should not be prejudiced because trial in this matter is "approximately (90) days away."
- Finally, Plaintiff avers that plaintiff's counsel "has a potential conflict with the trial date" but is trying to

"resolve the same prior to schedule [sic] hearing on this motion."

Subsequent to filing her opposition, Plaintiff filed a witness list into the record. (Rec. Doc. 21). Plaintiff has also filed an exhibit list into the record, along with several exhibits. Plaintiff lists a Mr. Bruce Copeland as an expert witness, and lists a report by Mr. Copeland in her exhibit list. However, Mr. Copeland's report is not included among the exhibits filed into the record.

## DISCUSSION

<u>Motion to Exclude Expert Testimony (First Motion Filed)</u>

The *Federal Rules of Civil Procedure* govern all cases in Federal Court. Rule 26(a)(2)(A)-(B) provides that parties must disclose to each other witnesses "it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Those evidence rules are the rules associated with expert testimony. Further, as noted above, this Court's scheduling order required that plaintiff disclose and deliver written reports of expert witnesses prior to November 7, 2007.

Rule 16(b) provides that a court must issue a scheduling order in all cases except those that are exempt by local rule. It is not disputed that this is the type of case that requires a

scheduling order.  Rule 16(f) provides that a court may issue sanctions "if a party or its attorney . . . fails to obey a scheduling order."

A court is given broad discretion in formulating sanctions for a violation of its scheduling or pre-trial orders.  *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996); *Geiserman v. MacDonald,* 893 F.2d 787, 790-91 (5th Cir. 1990)("Consistent with the authority vested in the trial court by rule 16, our court gives the trial court broad discretion to preserve the integrity and purpose of the pre-trial order.")(quotations omitted).  In fact, an appellate court will review a district court's sanction for abuse of discretion only. 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1531 (2d ed. 1990).

Rule 16(f) does not provide a specific list of sanctions for a court to consider, but it does state that the sanctions provided in FED. R. CIV. P. 37 are available to the Court.[2] Further, Rule 37(a)(3)(A) provides that "If a party fails to make a disclosure required by Rule 26(a) any other party may move to

---

[2]However, the sanctions listed in Rule 16 and therefore the sanctions in Rule 37 are not an exhaustive list. *See Smith v. Rowe*, 761 F.2d 360, 366 (7th Cir. 1985); WRIGHT ET AL., *supra* § 1531 n.5.

compel disclosure and for appropriate sanctions." Finally, if a party fails to disclose witnesses as required by Rule 26, that party is not allowed to use the witness or information at a trial. FED. R. CIV. P. 37(c)(1); *Tex. A&M Res. Found. v. Magna Transp. Inc.*, 394 F.3d 394, 401-02 (5th Cir. 2003). Accordingly, it appears that a district court is authorized to strike a party's expert witnesses for failure to disclose those witnesses under Rule 26 and for violating this Court's scheduling order under Rule 16.

The Fifth Circuit examines four factors to determine whether a Court committed an abuse of discretion when striking a party's expert witnesses:

(1) The explanation if any for the party's failure to comply with the discovery order;

(2) The prejudice to the opposing party of allowing the witness to testify;

(3) The possibility of curing such prejudice by granting a continuance;

(4) The importance of the witnesses' testimony.

*Barrett*, 95 F.3d at 380; *Standard Servs. Co. v. Witex USA, Inc.*, No. 02-537, 2003 WL 2004442 (E.D. La. Apr. 30, 2003)(Barbier, J.).

The first factor the Court is to consider is the explanation that a party gives for failure to comply with the discovery order.  Plaintiff's counsel noted for the Court that his office was without telecommunication ability for "several months" and therefore counsel was unable to provide the required reports and disclosures.  Further, counsel claims that he believed that Plaintiff and Defendant were actively engaged in settlement negotiations, and that he believed that there was "a strong possibility of settling this matter."[3]  (Rec. Doc. 19-2).  Neither of these reasons is sufficient or persuasive.  While it is true that the court and indeed the entire legal world now operate though electronic communication, nothing prevented Plaintiff's counsel from making use of more traditional methods of communication, including the telephone, the United States Postal Service, and even hand deliveries.

The second factor that a court considers is whether the party's actions prejudiced the opposing party by its failure to abide by the scheduling order.  *Barrett*, 95 F.3d at 380.  There can be no question that Plaintiff's delay prejudices the Defendant.  In *Witex USA,* this Court considered a similar

---

[3]In its reply memorandum, Defendant specifically avers that "State Farm is not aware of any settlement negotiations with plaintiff."  (Rec. Doc. 23).

situation, where plaintiff failed to provide experts reports in conformity with the scheduling order.  In that case, plaintiff provided expert reports a mere three days after the deadline.  Nevertheless, the court determined that the defendant would be prejudiced in that it had less than a month before the end of discovery to depose plaintiff's expert, hire its own, and obtain a report written from that one.  *Witex USA*, 2003 WL 2004442, at *3.

In the case at bar, there is no evidence in the record that Plaintiff has provided Defendant with a copy of his expert reports even now.  Trial in this matter is set for March 3.  Even if Plaintiff provided his expert report today, Defendant would have less than two months before trial, let alone the end of discovery to depose Plaintiff's expert, hire its own, and have him respond to Plaintiff's report.  Defendant's task would be further complicated by the fact that the deadline for completion of discovery is January 7, 2008 (a date that has already passed).

The next factor the Court should consider is whether a continuance could cure the prejudice suffered by the Defendant.  This case was filed in September, 2006, and the scheduling order was entered in June, 2007.  While it is true that there have been no continuances in this trial, neither side has asked for one

either.  Plaintiff's counsel did indicate in his opposition that "it appears counsel for plaintiff has a potential conflict with the trial date."  However, Plaintiff's counsel also avers that he is "trying to resolve the same."  Plaintiff's counsel also avers that the plaintiff deserves "his day in court."  A continuance at this point would only serve to increase costs on the Defendant which has been diligent in meeting the deadlines imposed by this Court.  Furthermore, the Fifth Circuit has noted that continuances do not by themselves "deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders."  *Barrett*, 95 F.3d at 381; *Geiserman*, 893 F.2d at 792.

Finally, this Court should consider the importance of the witness.  The only witness that Plaintiff avers would be an expert witness is Bruce Copeland.  Mr. Copeland appears to be a Claims Adjuster and Evaluator.  It is not known, because Plaintiff has not provided a report from Mr. Copeland, what Mr. Copeland's testimony will be about.  However, it is assumed that he will testify as to the cause of the damage to the property.  Such a witness is undoubtedly an important witness to the Plaintiff's cause.  However, the importance of a witness "cannot singularly override the enforcement of local rules and scheduling

orders." *Witex USA*, 2003 WL 2004442 at *3 (*quoting Barrett*, 95 F.3d at 381)(quotations omitted).  Furthermore the Fifth Circuit has noted that the importance of a witness simply underscores "the need for [Plaintiff] to have complied with the court's deadlines or at least informed the trial judge in advance if good faith compliance was not possible. *Id. (citing Barrett*, 95 F.3d at 381).

Accordingly, even though the proposed testimony might be important, such importance is outweighed by the prejudice Defendant would suffer if the Court allowed plaintiff to call an expert witness.  This would not preclude Mr. Copeland from testifying as a fact witness.  He may testify as to his lay opinions, and as to what he observed.  But he may not give expert testimony as defined by FED. R. EVID. 702.  Any opinions of Mr. Copeland are required to be lay opinions as defined in FED. R. EVID. 701.

<u>Motion to Exclude Witnesses and Exhibits</u>

Defendant filed a second motion to exclude all witnesses and exhibits due to Plaintiff's failure to file a witness and exhibit list in compliance with the court's scheduling order.  Plaintiff has responded to the motion with the same arguments he presented

11

in the previous motion.  Plaintiff adds that an exclusion of all witnesses and exhibits would be a harsh remedy which would effectively dismiss Plaintiff's case.[4]  The Fifth Circuit has held that dismissal of an action with prejudice is an extremely harsh remedy which should only be used "where there is a clear record of delay or contumacious conduct by the plaintiff."  *Bann v. Ingram Micro, Inc.*, 108 F.3d 625, 627 (5th Cir. 1997)(*citing Silas v. Sears, Roebuck & Co., Inc.*, 586 F.2d 382, 385 (5th Cir. 1978).

The Fifth Circuit appears to use the same standard as above in determining whether a court abused its discretion in refusing to allow witnesses to testify or exhibits to be introduced for failure to comply with a scheduling order.  *Neff v. Ford*, 163 F.3d 1354, 1998 WL 857475 (5th Cir. Nov. 10, 1998).  While many of the considerations as above are the same, it does not appear that striking all witnesses would be a just remedy in this situation.  The Court notes that there is approximately two months between now and trial.

## CONCLUSION

Considering the law and facts of this case as given above,

---

[4] The dismissal of the Plaintiff's case would have the effect of a dismissal with prejudice because Plaintiff's claims would likely be barred by prescription.

the Court fashions the following remedy and issues the following orders:

**IT IS ORDERED** that during the next month, Defendant shall notice and take the deposition of any of Plaintiff's witnesses that it wishes to. Plaintiff's counsel is expected to cooperate in the taking of these depositions. The pre-trial conference is currently scheduled for February 7, 2008, one month prior to the scheduled trial date. If counsel for defendant is not satisfied at that point as to the progression of discovery, it may be discussed at the pre-trial conference, and the Court will entertain the appropriate motions at that time;

**IT IS FURTHER ORDERED** that, Mr. Bruce Copeland will not be allowed to testify as an expert witness for the Plaintiff. This order does not prevent Mr. Copeland from testifying as a fact witness. However, Mr. Copeland is prohibited from giving expert testimony as defined by FED. R. EVID. 702.

New Orleans, Louisiana this the 8th day of January, 2008.

*[signature]*

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE